DOYLE v. CINCINNATI, N. O. & T. P. RY. CO.

(Circuit Court, S. D. New York. July 11, 1906.)

No. 35.

JUDGMENTS—RES JUDICATA—MATTERS CONCLUDED.

Plaintiff's testator filed a claim with defendant for overcharges on shipments of stone made by defendant's connecting carrier, and on notice of the claim, defendant intervened in a cause in which receivers were appointed for such connecting carrier, claiming against the receivers the amount of overcharges which plaintiff's testator claimed of defendant, which amount defendant admitted had been overcharged, and prayed that the purchaser of the connecting carrier's line from the receivers be ordered to pay plaintiff the amount claimed. The master's report directing such payment was confirmed, and the amount paid. *Held,* that the only issue adjudicated in such proceeding was the amount of overcharges which the purchaser of the connecting carrier's line must pay as purchaser from the receivers which could only include the overcharges which came into the receiver's hands before sale; and hence the judgment in such proceeding was not res judicata of plaintiff's claim against defendant.

Robert L. Stanton (James P. McGovern, of counsel), for plaintiff.

Stetson, Jennings & Russell (Vivian Spencer, of counsel), for defendant.

PLATT, District Judge. This is an action at law to recover on behalf of Doyle, deceased, overcharges on stone shipped in the years 1891–1895 from Bedford, Ind., to Biltmore, N. C., over the railways of the defendant company and of its connecting carriers. The defendant avers that if liable at all, it is only for overcharges made during a two years' guaranty of a certain freight rate, from October 3, 1891, to October 3, 1893. The cause was removed from the state court in February, 1895. In July, 1895, an amended answer was filed which contains the foregoing averment, and also a second defense, which latter is demurred to.

The second defense is elaborate, but the essential parts seem to be as follows: The Richmond & Danville Railroad, the connecting carrier by whom the overcharges were made, went into the hands of a receiver in June, 1892. Upon notice of Doyle's claim the defendant intervened in the cause in which the receivers had been appointed in the United States Circuit Court for the Eastern district of Virginia, claiming against the receivers the amount of overcharges which Doyle claimed from defendant, to wit, $4,851.86, which amount defendant admitted had been overcharged, and praying that the purchaser from

said receivers, to wit, the Southern Railway Company, be ordered to pay the plaintiff executor the amount of said overcharges.

The matter was referred to a master, who took testimony, and then made a preliminary report requiring said executor (the present plaintiff) to be made a party thereto; said executor filed his appearance, whereupon the master filed a final report, finding that the overcharges were in fact $4,829.20 (the exact amount claimed herein), which was classified as follows:

| | |
|---|---:|
| From date of first shipment to October 3, 1891, the date of alleged guaranty | 922 33 |
| From October 31, 1891, to June 16, 1892, date of appointment of receivers | 626 32 |
| From date of appointment of receivers to date of expiration of alleged guaranty | 2,111 72 |
| From expiration of guaranty to end of shipments | 1,168 53 |
| | 4,829 20 |

and that $1,976.68 thereof had been received by said receivers during the time of the alleged guaranty, which is here set up in the first defense, and should be paid to said executor. Said report was confirmed by said court and a decree made December 10, 1904, which adjudicated that said sum, without interest, be paid by said Southern Railway Company to said executor, which was done.

Thus all matters in controversy have been adjudicated by said Circuit Court, and plaintiff is estopped from recovering more than $626,-32, which were the overcharges found by the court to have been made after the alleged guaranty began and before the receivers were appointed, and $33.54, which was the amount overcharged by another connecting carrier during the alleged guaranty, and these amounts, with interest, defendant offers judgment for. This second defense seems to be that the guaranty alleged in the first defense has become by the decree of the Circuit Court res adjudicata, and with what is now offered in judgment settles everything. The only issue, however, which seems to have been directly adjudicated in the Virginia court is as to the amount of the overcharges which the Southern Railway Company must pay, as the purchaser under foreclosure proceedings, from the receivers. That would, of course, only be the amount of overcharges which came into the receivers' hands before sale under the foreclosure, and as neither the date of such sale nor the date of the termination of the receivership appear, we are in the dark as to whether the decree covers the entire controversy. The question of whether there was such a guaranty was not necessarily adjudicated in the Virginia court, and it will be noted that the master's report upon which the decree is based calls it an alleged guaranty.

Counsel for defendant in support of the second defense says that plaintiff intervened in said suit, had counsel, took an active part in the proceeding, did endeavor to sustain his claim by evidence, and took no appeal, but unfortunately for him, the record does not sustain the vital portions of his contention. I cannot find that the plaintiff herein has ever had his "day in court" on the issues now to be litigated.

Fayerweather v. Ritch, 195 U. S. 276–299, 25 Sup. Ct. 58, 49 L. Ed. 193, is authority for sustaining .the demurrer, with costs.

Let that portion of the answer entitled "For a Second Separate and· Distinct Defense" be stricken out.